PETER C. CHEN (BAR NO. 222639)
LAW OFFICES OF PETER C. CHEN
901 Corporate Center Drive, Suite 550
Monterey Park, CA 91754
E-Mail:  pchen@lawyer.com

Attorneys for Plaintiff and Counterdefendant
CARLOS DUARTE

AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
JOSI KENNON SWONETZ (BAR NO. 260575)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone:  (619) 233-1155
Fax:  (619) 233-1158
E-Mail:  awintersheimer@allenmatkins.com
            jswonetz@allenmatkins.com

Attorneys for Defendant and Counterclaimant
STRYKER SALES CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DUARTE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STRYKER SALES CORPORATION, a Michigan corporation registered and conducting business in California, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:16-cv-00037-SJO-AFM<br><br>**STIPULATED PROTECTIVE ORDER**[1] |
| AND RELATED COUNTERCLAIMS. | |

---

[1]  This Stipulated Protective Order is based substantially on the model protective order provided under Magistrate Judge Alexander F. MacKinnon's Procedures.

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN, LLP**

846204.02/SD

## STIPULATED PROTECTIVE ORDER

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiff Carlos Duarte ("Duarte") and Defendant Stryker Sales Corporation ("Stryker") (together, "Parties") Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve the disclosure of confidential and proprietary materials.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), sensitive personnel matters, customer and pricing lists, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order

1   for such information is justified in this matter.  It is the intent of the Parties that

2   information will not be designated as confidential for tactical reasons and that

3   nothing be so designated without a good faith belief that it has been maintained in a

4   confidential, non-public manner, and there is good cause why it should not be part

5   of the public record of this case.

6

7   C.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER

8         SEAL

9         The Parties further acknowledge, as set forth in Section 12.3, below, that this

10  Order does not entitle them to file confidential information under seal; Local Civil

11  Rule 79-5 sets forth the procedures that must be followed and the standards that will

12  be applied when a party seeks permission from the court to file material under seal.

13        There is a strong presumption that the public has a right of access to judicial

14  proceedings and records in civil cases.  In connection with non-dispositive motions,

15  good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

16  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

17  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

18  *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

19  require good cause showing), and a specific showing of good cause or compelling

20  reasons with proper evidentiary support and legal justification, must be made with

21  respect to Protected Material that a party seeks to file under seal.  The Parties' mere

22  designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

23  without the submission of competent evidence by declaration, establishing that the

24  material sought to be filed under seal qualifies as confidential, privileged, or

25  otherwise protectable—constitute good cause.

26        Further, if a party requests sealing related to a dispositive motion or trial, then

27  compelling reasons, not only good cause, for the sealing must be shown, and the

28  relief sought shall be narrowly tailored to serve the specific interest to be protected.

STIPULATED PROTECTIVE ORDER

*See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>:   this pending federal lawsuit.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:   shall mean documents, testimony, information or other things (regardless of how it is generated, stored, or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement that the Designating Party (as defined below) believes, in good faith, contain (1) confidential business, financial, personal, or commercial information or competitively-sensitive information not disclosed to the general public or otherwise available in the public domain; or (2) any third-party documents, testimony or information or other things that the third party currently maintains as confidential, seeks to maintain as confidential for purposes of the above-captioned action, and the disclosure of which will cause harm to the third-party person, firm, partnership, corporation or organization from which the documents, testimony or information was obtained.  "CONFIDENTIAL" Information may consist of, without limitation, (1) testimony given in this Action by

1  any Party (as defined below) or by any third party (whether oral, in writing, or via

2  videotape); (2) documents produced in this action by any party or by any third party;

3  (3) written discovery responses given by any Party; (4) any documents or pleadings

4  filed with the Court which attach, contain or disclose any such "CONFIDENTIAL"

5  Information; and (5) the information contained within such documents, testimony or

6  discovery responses so properly designated.

7      2.3    "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY"

8  Information or Items:  shall be limited to such documents, testimony, information or

9  other things that, in addition to the criteria of section 2.2, the Designating Party

10  believes, in good faith, contain information the disclosure of which is likely to cause

11  substantial harm to the competitive position of the Designating Party, contain

12  information subject to the right of privacy of any person, or contain trade secret or

13  proprietary information protected from disclosure under applicable California or

14  Federal laws.  None of the restrictions set forth in this Order shall apply to any

15  documents or other information that are or become public knowledge or available in

16  the public domain by means not in violation of the provisions of this Order, or any

17  law or statute.

18      2.4    Counsel:  Outside Counsel of Record, House Counsel, and any other

19  attorneys associated or substituted into this Action (as well as their support staff).

20      2.5    Challenging Party:  a Party or Non-Party that challenges the

21  designation of information or items under this Order.

22      2.6    Designating Party:  a Party or Non-Party that designates information or

23  items that it produces in disclosures or in responses to discovery as

24  "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES

25  ONLY."

26      2.7    Disclosure or Discovery Material:  all items or information, regardless

27  of the medium or manner in which it is generated, stored, or maintained (including,

28

STIPULATED PROTECTIVE ORDER

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9   <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." OR "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

STIPULATED PROTECTIVE ORDER

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or any applicable laws, including becoming part of the public record through trial or otherwise; and/or (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

Once a case proceeds to trial, information that was designated as Protected Material or maintained as such pursuant to this Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, for Protected Material used or introduced as an exhibit at trial, the terms of this Order do not extend beyond the commencement of the trial.  For all other Protected Material, the

STIPULATED PROTECTIVE ORDER

confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

     5.1    Designating Material for Protection.  Parties and Non-Parties may designate Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" where the material meets the requirements listed in Sections 2.2 and 2.3, above.

     5.2    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

     5.3    Any Party May Designate Information Produced by Other Party.  Any party may designate information or documents disclosed by another party or non-party in response to written discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" pursuant to this Order by so indicating in writing within 21 days after receipt of said information or documents,

1   providing an identification by relevant document numbers or other means of the

2   document or information (or portion thereof) to be so designated.

3       5.4     Manner and Timing of Designations.  Except as otherwise provided in

4   this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise

5   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

6   under this Order must be clearly so designated before the material is disclosed or

7   produced.  Designation in conformity with this Order requires:

8       (a)     for information in documentary form (e.g., paper or electronic

9   documents, but excluding transcripts of depositions or other pretrial or trial

10  proceedings), that the Producing Party affix at a minimum, the legend

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES

12  ONLY" to each page that contains protected material.  If only a portion of the

13  material on a page qualifies for protection, the Producing Party also must clearly

14  identify the protected portion(s) (e.g., by making appropriate markings in the

15  margins).

16      (b)     for testimony given in depositions that the Designating Party identifies

17  the Disclosure or Discovery Material on the record, before the close of the

18  deposition all protected testimony.

19      (c)     for information produced in some form other than documentary and for

20  any other tangible items, that the Producing Party affix in a prominent place on the

21  exterior of the container or containers in which the information is stored the legend

22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES

23  ONLY."  If only a portion or portions of the information warrants protection, the

24  Producing Party, to the extent practicable, shall identify the protected portion(s).

25      5.5     Inadvertent Failures to Designate.  An inadvertent failure to designate

26  material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S

27  EYES ONLY" using the procedures described above shall not operate to waive a

28  party's or non-party's right to later so designate such material.  Once such

                                                    STIPULATED PROTECTIVE ORDER

designation is made by written notice, Counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" in accordance with this Order.  In the event that there is an interval between the written notice and the provision of new copies of properly marked materials, all parties who received the material at issue shall treat those documents identified in the written notice according to their new designations until such time as the properly marked materials are received, provided that the properly marked materials are received within reasonable period of no less than 14 days from the date of notification unless counsels for all parties in the Action agree otherwise.'

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation at any time that is consistent with the Court's Scheduling Order.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq.*

6.3      Joint Stipulation.  Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action, including but not limited to use at or in connection with any hearing, motions, mediation, and/or trial.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees, consultants, associated attorneys, or other professionals of or retained by said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

1        (f)     professional jury or trial consultants, mock jurors, and

2  Professional Vendors to whom disclosure is reasonably necessary for this Action

3  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

4  A);

5        (g)     the author or recipient of a document containing the information

6  or a custodian or other person who otherwise possessed or knew the information;

7        (h)     during their depositions, trial and/or testimony under oath,

8  witnesses, and attorneys for witnesses, in the Action to whom disclosure is

9  reasonably necessary provided: (1) the deposing party requests that the witness sign

10  the form attached as "Acknowledgment and Agreement to Be Bound" (Exhibit A)

11  hereto; and (2) they will not be permitted to keep any confidential information

12  unless they sign "Acknowledgment and Agreement to Be Bound" (Exhibit A),

13  unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

14  transcribed deposition testimony or exhibits to depositions that reveal Protected

15  Material may be separately bound by the court reporter and may not be disclosed to

16  anyone except as permitted under this Stipulated Protective Order; and

17     (i)     any mediator or settlement officer, and their supporting personnel,

18  mutually agreed upon by any of the Parties engaged in settlement discussions.

19     7.3    Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES

20  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in

21  writing by the Designating Party, a Receiving Party may disclose Protected Material

22  only to the following persons.  All, except for those under subsection (e) below,

23  must receive a copy of this Order and agree to be bound by its terms:

24        (a)     the Receiving Party's Outside Counsel in this action, as well as

25        Outside Counsel's employees, consultants, associated attorneys, or other

26        professionals of or retained by to whom it is reasonably necessary to disclose

27        the information for this litigation;

28

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     during their depositions, trial, and/or testimony under oath, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as "Acknowledgment and Agreement to Be Bound" (Exhibit A) hereto; and (2) they will not be permitted to keep any confidential information unless they sign "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(d)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

(e)     the court and its personnel;

(f)     court reporters and videographers and their staff; and

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this  Order.  Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
       PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

1  11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
2      PROTECTED MATERIAL

3      11.1  Inadvertent Disclosure of "CONFIDENTIAL" or "HIGHLY
4  CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items.  If a Party
5  inadvertently discloses any document or thing containing "Confidential" or
6  "Confidential – Attorneys Only" information without designating it as such, the
7  disclosing Party shall promptly, upon discovery of such inadvertent disclosure,
8  inform the receiving party in writing, and the receiving party shall thereafter treat
9  the information as newly designated. The disclosing Party shall provide replacement
10  copies of said inadvertently disclosed materials, with the appropriate designation, to
11  the Receiving Party within fifteen (15) days of discovery of such inadvertent
12  disclosure. The Receiving Party shall make every reasonable effort to retrieve the
13  undesignated materials from all persons who received the undesignated materials
14  and return such materials to the disclosing party or, if so directed by the disclosing
15  Party, discard all copies of the undesignated materials.  Treatment by opposing
16  counsel in conformity with the indicated designation shall not be construed in any
17  way as an admission or agreement by any party that the designated information is in
18  fact Protected Material.

19      11.2  Inadvertent Disclosure of Privileged Information or Items.  If a
20  producing Party inadvertently discloses to a Receiving Party information that is
21  privileged or otherwise immune from discovery, the producing Party shall promptly,
22  upon discovery of such disclosure, so advise the Receiving Party in writing and
23  request that the materials or information be returned. The Receiving Party will
24  return or destroy such inadvertently disclosed materials or information and all
25  copies within ten (10) days of receiving the written request for return of the
26  materials or information. Any inadvertent disclosure shall not constitute a waiver or
27  estoppel of any such privilege or protection.
28

1    12.    <u>MISCELLANEOUS</u>

2          12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

3    person to seek its modification by the Court in the future.

4          12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

5    Order, no Party waives any right it otherwise would have to object to disclosing or

6    producing any information or item on any ground not addressed in this Order.

7    Similarly, no Party waives any right to object on any ground to use in evidence of

8    any of the material covered by this Order.

9          12.3    <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

10   Protected Material must comply with Local Civil Rule 79-5.  Protected Material

11   may only be filed under seal pursuant to a court order authorizing the sealing of the

12   specific Protected Material at issue.  If a Party's request to file Protected Material

13   under seal is denied by the court, then the Receiving Party may file the information

14   in the public record unless otherwise instructed by the court.

15

16   13.    <u>FINAL DISPOSITION</u>

17          Within sixty (60) days of the final disposition of this litigation of the claims at

18   issue herein, unless otherwise agreed in writing by an attorney of record for the

19   designating party, each party shall (a) assemble and return all hard copies of the

20   Protected Material, including all copies, abstracts, compilations, summaries, and any

21   other format reproducing or capturing any of the Protected Materials, to the

22   Designating Party, and (b) certify in writing that all electronic versions of the

23   Protected Material have been deleted or destroyed in such a manner that it cannot be

24   reviewed by others, such as by shredding.  The term "final disposition" shall mean

25   and include any time period for reconsideration, appeal, post-judgment motions, and

26   new trial.

27

28

STIPULATED PROTECTIVE ORDER

1   14.    <u>VIOLATION</u>

2         Any violation of this Order may be punished by appropriate measures

3  including, without limitation, contempt proceedings and/or monetary sanctions.

4

5        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6

7  Dated:  October _____, 2016     LAW OFFICES OF PETER C. CHEN

8                     By:_____

9                       PETER CHEN
                        Attorneys for Plaintiff and

10                     Counterdefendant
                        CARLOS DUARTE

11

12  Dated:  October _____, 2016     ALLEN MATKINS LECK GAMBLE
                        MALLORY & NATSIS LLP

13

14                     By:_____

15                       AMY WINTERSHEIMER FINDLEY
                        Attorneys for Defendant and

16                     Counterclaimant
                        STRYKER SALES CORPORATION

17

18

19

20                             **<u>ORDER</u>**

21        FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

22

23

24  Dated:  10/21/2016

25                   Alexander F. MacKinnon
                   United States Magistrate Judge

26

27

28

### EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of <u>Carlos Duarte v. Stryker Sales Corporation</u>, Case No. 2:16-cv-00037-SJO-AFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____